BILL LOCKYER Attorney General ANTHONY S. DA VIGO Deputy Attorney General
RANDOLPH WARD, GORGONIO SANCHEZ, AND CLORIA PATILLO have requested this office to grant leave to sue in quo warranto upon the following question:
Does Saul Lankster's four-month appointment to the board of trustees of the Compton Community College District work a forfeiture of his office on the board of trustees of the Compton Unified School District, an advisory board to the Superintendent of Public Instruction that has no legal rights, duties, or powers of a governing board?
 CONCLUSION
Saul Lankster's four-month appointment to the board of trustees of the Compton Community College District does not work a forfeiture of his office on the board of trustees of the Compton Unified School District, an advisory body to the Superintendent of Public Instruction that has no legal rights, duties, or powers of a governing board.
 PARTIES
RANDOLPH WARD, GORGONIO SANCHEZ, AND CLORIA PATILLO ("Relators") contend that SAUL LANKSTER ("Defendant") is unlawfully holding and exercising the privileges of office on the board of trustees ("School Board") of the Compton Unified School District ("School District") due to his four-month appointment to the board of trustees ("College Board") of the Compton Community College District ("College District").
 MATERIAL FACTS
Substantially all of the School District is located within the boundaries of the College District. On July 1, 1993, the Legislature directed the Superintendent of Public Instruction ("Superintendent") to assume all legal rights, duties, and powers of the School Board. The Legislature limited the School Board to acting as an advisory body to the state administrator appointed by and acting on behalf of the Superintendent. In 1997, Defendant was elected to a four-year term on the School Board. On August 24, 1999, Defendant was appointed to fill a vacancy on the College Board, which term expired on December 3, 1999.
 ANALYSIS
In deciding whether to grant leave to sue in the name of the People of the State of California in a quo warranto action, we consider initially whether there exists a substantial question of law or fact that requires judicial resolution, and if so, whether the proposed action would serve the overall public interest. (81 Ops.Cal.Atty.Gen. 98, 100 (1998).)
The first issue to be considered concerns the provisions of Education Code section 72104, which provide:
 "No member of the governing board of a community college district shall, during the term for which he was elected, be eligible to serve on the governing board of a high school district whose boundaries are coterminous with those of the community college district."
We do not believe that Education Code section 72104 is applicable in the present circumstances. Besides the possibly determinative fact that Defendant was not "elected" to the College Board, or that the boundaries of the School District and College District are not "coterminous" in the usual sense of "having the same or coincident boundaries" (Webster's Third New Internat. Dict. (1971) p. 516), or that the statute does not prescribe automatic forfeiture as a consequence of its violation (see 81 Ops.Cal.Atty.Gen. 207, 210 (1998)),[1] it is clear that during Defendant's tenure on the College Board, the School Board was designated an "advisory board" by the Legislature, rather than a "governing board." Hence, whether Education Code section 72104
may constitute grounds for Defendant's removal from the School Board does not present a substantial question of law or fact in the present circumstances.
The more significant issue to be addressed is the possible application of the common law doctrine of incompatible public offices. This common law rule precludes a person from holding simultaneously two offices if the performance of the duties of either office could have an adverse effect on the other. (80 Ops.Cal.Atty.Gen. 242, 243 (1997).) Only one significant clash of duties or loyalties is required to make public offices incompatible. (People ex rel. Chapman v. Rapsey (1940)16 Cal.2d 636, 641-642; 66 Ops.Cal.Atty.Gen. 176, 177 (1983).)
We have no doubt that in the usual situation, the offices of trustee of a school district and trustee of a community college district with overlapping boundaries would be found to constitute incompatible offices. (See 80 Ops.Cal.Atty.Gen. 242, 244 (1992); 80 Ops.Cal.Atty.Gen. 74, 76 (1997); 68 Ops.Cal.Atty.Gen. 171 (1985); Cal.Atty.Gen., Indexed Letter, No. IL 75-22 (Feb. 18, 1975).) Acceptance of the second office would automatically terminate the holding of the first office. (81 Ops.Cal.Atty.Gen. 304, 305 (1998); 81 Ops.Cal.Atty.Gen. 224, 275 (1998).) Here, Defendant's appointment to the College Board would automatically vacate his office on the School Board.
However, the School Board has been designated by the Legislature as an "advisory board" (Ed. Code, § 41326, subd. (c)), with all its "legal rights, duties, and powers" as a governing board transferred to the Superintendent and the state administrator acting on his behalf (Ed. Code, § 41326, subd. (b)). As in our analysis of Education Code section 72104 above, we cannot conclude that the School Board constituted a "governing board" during the four months Defendant served on the College Board.
Members of advisory boards do not hold "offices" for purposes of the incompatible offices doctrine. An "office" for purposes of the doctrine is one in which the incumbent exercises a portion of the sovereign powers of the state in the performance of a public function, among other requirements. (Dibb v. County of San Diego (1996) 8 Cal.4th 1200, 1212; 78 Ops.Cal.Atty.Gen. 362, 364-365 (1995).) A person serving in an advisory capacity does not exercise any sovereign powers. (See Parker v. Riley (1941) 18 Cal.2d 83, 87; 62 Ops.Cal.Atty.Gen. 325, 331 (1979); 57 Ops.Cal.Atty.Gen. 583, 585 (1974); 42 Ops.Cal.Atty.Gen. 93, 94-97 (1963); Cal.Atty.Gen., Indexed Letter No. 97-306 (April 7, 1997).) While it is anticipated that the School Board will again exercise a portion of the sovereign powers of the state as a governing board, it was an advisory board during the time Defendant served on the College Board. Accordingly, application of the incompatible offices doctrine in Defendant's circumstances does not present a substantial question of law or fact.
No other question of law or fact merits discussion with respect to Relators' application to file suit in quo warranto. Leave to sue is DENIED.
[1] Provisions prescribing a forfeiture or automatic vacancy (e.g., Gov. Code, § 1770 ["An office becomes vacant on the happening of any of the following events. . . ."], Cal. Const., art., XII, § 7
[acceptance of a free or discounted pass "shall work a forfeiture of that office"]) may be contrasted with those which do not so provide (e.g., Gov. Code, §§ 1090 and 87100) and which do not, therefore, result in automatic forfeiture (74 Ops.Cal.Atty.Gen. 82, 86 (1991); 73 Ops.Cal.Atty.Gen. 188, 195 (1990); see also 66 Ops.Cal.Atty.Gen. 382, 389 (1993) [Gov. Code, §§ 1126, 1128]).